IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE REDISTRICTING 2023<br><br>SPECIAL MASTER | Misc. No. 2:23-mc-1181-AMM |

### *CASTER* AND *MILLIGAN* PLAINTIFFS' BRIEF IN OPPOSITION TO MORIARTY REMEDIAL PROPOSALS

The Special Master received three remedial map proposals from Non-Party Michael Moriarty. The *Caster* and *Milligan* Plaintiffs received these maps for the first time earlier this afternoon and have not had sufficient time to conduct a comprehensive review of these three new proposals. As a result, they may have additional flaws, beyond those identified in this submission. But, even with the limited time that Plaintiffs have had to review the Moriarty Plans, Plaintiffs have identified serious concerns that strongly indicate that the Plans fail to remedy the State's likely violation of Section 2 of the Voting Rights Act.

At the outset, the Moriarty Plans have population deviations of hundreds of people in likely violation of the one-person-one-vote requirement, needlessly split the Black Belt into multiple districts, and appear to sharply deviate from Alabama's 2021 and 2023 plans in ways that are not required by the Voting Rights Act.

Additionally, Dr. Palmer and Dr. Liu analyzed the performance of the plans. Dr. Palmer has completed a performance analysis of each of the Moriarty Plans, using the same 17 elections that he used to analyze the Party and Non-Party submissions in Plaintiffs' September 13 filing. Ex. 1, Palmer Report at 1; *see also* ECF No. 23. Dr. Liu has also completed a performance analysis of the three Moriarty Plans, using the same eleven biracial elections analyzed in his prior reports. Ex. 2, Liu Report at 1. Based on these analyses, there is significant doubt that any of the three Moriarty Plans satisfies the District Court's order to provide Black Alabamians a second district in which they have an opportunity to elect their preferred candidate.

Most glaringly, Dr. Palmer's analysis shows that Moriarty Plan #3 does not contain a second opportunity district at all. Rather, as Mr. Moriarty's submission concedes, it includes one opportunity district (CD-7) plus two purportedly "competitive" districts where it is merely "possible" that a Black-preferred candidate could win (CD-1 and CD-3). ECF No. 26 at 2. In Moriarty Plan #3's CD-1, Black voters' candidate of choice would have won only *three* of the 17 elections analyzed by Dr. Palmer. Ex. 1, Palmer Report at 6-7. Put another way, Black-preferred candidates in CD-3 would have been defeated by white-preferred candidates more than 82% of the time. Focusing on biracial elections, Dr. Liu found that Black candidates would have won *zero* of the 11 analyzed biracial elections in Moriarty Plan #3's CD-1. Ex. 2, Liu Report at 2. No Black candidates would have won

election under the Plan's CD-1. *Id.*; *see also* Ex. 1, Palmer Report at 6-7. And in Moriarty Plan #3's CD-3, Dr. Palmer found that Black voters' candidate of choice would have won only *five* of the 17 elections analyzed. *Id.* at 6-7. As in, Black-preferred candidates in CD-3 would have been defeated by white-preferred candidates more than 70% of the time. Even in the handful of elections that the Black-preferred candidate would have won in these two "competitive" districts, all but one of those candidates were *white* and they won by very slim margins. *Id.* Indeed, the single *Black* candidate that would have won election under Moriarty Plan #3's CD-3 in Dr. Palmer's analysis would have won with exactly 50.0% of the vote. *Id.* In fact, Dr. Liu found that Black candidates would have lost in all eleven biracial elections in the Moriarty Plan #3's CD-3. Ex. 2, Liu Report at 2.

Moriarty Plans #1 and #2 also fail to perform reliably for Black-preferred candidates. As Dr. Palmer's analysis shows, each contains a remedial district in which Black voters' candidate of choice would have won only *two* of the five statewide elections in 2022—all of which were biracial elections that featured a Black-preferred Black candidate running against a white-preferred white candidate. Ex. 1, Palmer Report at 2-5. And in each of the two races that the Black-preferred candidate would have won, they would have done so by about half a percentage point—an incredibly slim margin. *Id.* Moreover, in Moriarty Plan #1, the Black-preferred candidate would not reliably win in the safer CD-7, either. *Id.* at 2-3. For

example, of the same five 2022 statewide elections, Black-preferred candidates in Moriarty Plan #1's CD-7 would have lost one and won the other four by just one percentage point or less. *Id.* Dr. Liu similarly found that Black-preferred Black candidates would have lost three of the eleven biracial elections in the CD-3 of Moriarty #1 and #2. Ex. 2, Liu Report at 2. Dr. Liu also found that Black candidates would have lost four elections in Moriarty #1's CD-7. *Id*.

Accordingly, the *Caster* and *Milligan* Plaintiffs respectfully urge the Special Master not to recommend any of the Moriarty Plans for adoption as a remedy to the State's likely Section 2 violation.

Respectfully submitted this 14th day of September 2023.

/s/ Deuel Ross
Deuel Ross*
NAACP LEGAL DEFENSE &
    EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org
tlockhead@naacpldf.org

Leah Aden*
Stuart Naifeh*
Ashley Burrell*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
NAACP LEGAL DEFENSE &
    EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor

/s/ Sidney M. Jackson
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
    FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

Davin M. Rosborough*
Julie Ebenstein*
Dayton Campbell-Harris*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004

| | |
|---|---|
| New York, NY 10006 | (212) 549-2500 |
| (212) 965-2200 | drosborough@aclu.org |
| Shelita M. Stewart* | jebenstein@aclu.org |
| Jessica L. Ellsworth* | dcampbell-harris@aclu.org |
| HOGAN LOVELLS US LLP | |
| 555 Thirteenth Street, NW | Alison Mollman (ASB-8397-A33C) |
| Washington, D.C. 20004 | AMERICAN CIVIL LIBERTIES UNION |
| (202) 637-5600 | OF ALABAMA |
| shelita.stewart@hoganlovells.com | P.O. Box 6179 |
| | Montgomery, AL 36106-0179 |
| David Dunn* | (334) 265-2754 |
| HOGAN LOVELLS US LLP | |
| 390 Madison Avenue | Blayne R. Thompson* |
| New York, NY 10017 | HOGAN LOVELLS US LLP |
| (212) 918-3000 | 609 Main St., Suite 4200 |
| david.dunn@hoganlovells.com | Houston, TX 77002 |
| | (713) 632-1400 |
| Michael Turrill* | blayne.thompson@hoganlovells.com |
| Harmony A. Gbe* | |
| HOGAN LOVELLS US LLP | |
| 1999 Avenue of the Stars | |
| Suite 1400 | |
| Los Angeles, CA 90067 | |
| (310) 785-4600 | |
| michael.turrill@hoganlovells.com | |
| harmony.gbe@hoganlovells.com | |
| | ***Counsel for Milligan Plaintiffs*** |
| Janette Louard* | |
| Anthony Ashton* | |
| Anna Kathryn Barnes* | |
| NATIONAL ASSOCIATION FOR THE | |
| ADVANCEMENT OF COLORED PEOPLE (NAACP) | |
| 4805 Mount Hope Drive | |
| Baltimore, MD 21215 | |
| (410) 580-5777 | |
| jlouard@naacpnet.org | |
| aashton@naacpnet.org | |
| abarnes@naacpnet.org | |

***Counsel for Plaintiff Alabama State Conference of the NAACP***

- 5 -

\* *Admitted Pro Hac Vice*

| | |
|---|---|
| Richard P. Rouco<br>(AL Bar. No. 6182-R76R)<br>**Quinn, Connor, Weaver, Davies & Rouco LLP**<br>Two North Twentieth<br>2-20th Street North, Suite 930<br>Birmingham, AL 35203<br>Phone: (205) 870-9989<br>Fax: (205) 803-4143<br>Email: rrouco@qcwdr.com | By: /s/ *Abha Khanna*<br>Abha Khanna\*<br>Makeba Rutahindurwa\*<br>**Elias Law Group LLP**<br>1700 Seventh Ave, Suite 2100<br>Seattle, WA 98101<br>Phone: (206) 656-0177<br>Email: AKhanna@elias.law<br>Email: MRutahindurwa@elias.law<br><br>Lalitha D. Madduri\*<br>Joseph N. Posimato\*<br>Jyoti Jasrasaria\*<br>**Elias Law Group LLP**<br>250 Massachusetts Ave NW, Suite 400<br>Washington, D.C. 20001<br>Phone: (202) 968-4490<br>Email: LMadduri@elias.law<br>Email: JPosimato@elias.law<br>Email: JJasrasaria@elias.law<br><br>*\*Admitted Pro Hac Vice* |

**Counsel for Caster Plaintiffs**